IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIFFANY RACHELL BELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 19-1099 |
| ANDREW SAUL, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

O R D E R

AND NOW, this 30th day of March, 2021, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Biestek v. Berryhill, 139 S. Ct. 1148, 1153-54 (2019); Jesurum v. Secretary of U.S. Dep't of Health & Human Servs, 48 F.3d 114, 117 (3d Cir. 1995) (citing Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988)). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it

would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff contends that the Administrative Law Judge ("ALJ") erred in several ways in finding that she was not disabled under the Social Security Act. Specifically, Plaintiff argues that the ALJ erred in the analysis of her severe impairments at Step Two of the sequential process and in giving insufficient weight to the opinions of her treating psychiatrist and therapist, and in evaluating her subjective complaints, in formulating her residual functional capacity ("RFC") and the hypothetical question to the vocational expert ("VE") at Steps Four and Five of the sequential analysis. The Court finds no merit in Plaintiff's contentions and finds that substantial evidence supports the ALJ's decision that Plaintiff is not disabled.

Plaintiff argues that the ALJ erred in not finding several of her impairments to constitute severe impairments at Step Two, including her Hashimoto's disease, degenerative disc disorder, pituitary microadenoma, and white matter disease. However, the Step Two determination as to whether a claimant is suffering from a severe impairment is a threshold analysis requiring the showing of only one severe impairment. See Bradley v. Barnhart, 175 Fed. Appx. 87, 90 (7th Cir. 2006). In other words, as long as a claim is not denied at Step Two, it is not generally necessary for the ALJ specifically to have found any additional alleged impairment to be severe. See Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007); Lee v. Astrue, Civ. No. 06-5167, 2007 WL 1101281, at *3 n.5 (E.D. Pa. Apr. 12, 2007); Lyons v. Barnhart, Civ. No. 05-104, 2006 WL 1073076, at *3 (W.D. Pa. Mar. 27, 2006); Gerald v. Berryhill, No. 3:17-CV-00575, 2018 WL 7364649, at *5 (M.D. Pa. Oct. 12, 2018), report and recommendation adopted, No. CV 3:17-575, 2019 WL 719829 (M.D. Pa. Feb. 19, 2019). Since Plaintiff's claim was not denied at Step Two, it does not matter whether the ALJ correctly or incorrectly found Plaintiff's alleged Hashimoto's disease, degenerative disc disorder, pituitary microadenoma, and white matter disease to be non-severe.

Of course, even if an impairment is non-severe, it may still affect a claimant's RFC. In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" S.S.R. 96-8p, 1996 WL 374184 (S.S.A.), at *5 (July 2, 1996). See also 20 C.F.R. § 404.1545(a)(2). "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may – when considered with limitations or restrictions due to other impairments – be critical to the outcome of a claim." S.S.R. 96-8p at *5. Accordingly, merely because the ALJ did not find Plaintiff's Hashimoto's disease, degenerative disc disorder, pituitary microadenoma, and white matter disease to be severe does not mean that these impairments could not still have affected Plaintiff's RFC.

Here, however, the RFC fixed by the ALJ was significantly detailed and restrictive and accounted for Plaintiff's brain injuries and other impairments. The issue is not whether Plaintiff had been diagnosed with additional conditions, but what functional limitations the conditions caused, and Plaintiff does not suggest what additional functional limitations should have been included. See Walker v. Barnhart, 172 Fed. Appx. 423, 426 (3d Cir. 2006).

The closest she comes to doing so is by alleging that her non-severe impairments contributed to her fatigue. (Doc. No. 15 at p. 17). However, she provides no evidentiary basis for this claim, and in any event, the ALJ specifically addressed Plaintiff's hypersomnolence in determining Plaintiff's RFC and the hypothetical question to the VE. (R. 124).

Plaintiff also argues that the ALJ gave insufficient weight to the April 18, 2018 opinions completed by Julie Garbutt, M.D., her treating psychiatrist, and her therapist, Penny Croyle, M.S. (R. 1192-1201). As Plaintiff points out, when assessing a claimant's application for benefits, the opinions of the claimant's treating physicians generally are to be afforded significant weight. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). In fact, the regulations provide that for claims, such as this one, filed before March 27, 2017, a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429. As a result, the ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the ALJ's own judgment or speculation, although he or she may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided. See Plummer, 186 F.3d at 429. However, it is also important to remember that:

> The ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations. Although treating and examining physician opinions often deserve more weight than the opinions of doctors who review records, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity[.]" Brown v. Astrue, 649 F.3d 193, 197 n. 2 (3d Cir.2011). State agent opinions merit significant consideration as well.

Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (internal citations omitted in part).

Here, the ALJ satisfactorily discussed her basis for giving little weight to the opinions of Dr. Garbutt and Ms. Croyle. For example, she noted that Dr. Garbutt and Ms. Croyle had opined, not only as to Plaintiff's mental limitations, but also as to her physical limitations, despite the lack of support in the record for such findings and the fact that the findings were outside the scope of their treatment of Plaintiff. The ALJ also pointed out that these health care professionals opined that Plaintiff had suffered from three or more episodes of decompensation, each lasting at least two weeks, which was wholly unsupported in the record. (R. 126). This demonstrates a general lack of reliability in the opinions. Moreover, reading her decision as a whole, see Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004), the ALJ discussed the evidence inconsistent with these opinions, including the inconsistent findings in the medical imaging, and the fact that Plaintiff's neurological examinations were consistently unremarkable and that she exhibited normal cognitive functioning. (R. 125-26). She also noted that there was no

documentation of the brain injury Plaintiff allegedly suffered when she was 11 and that was central to her claims about her symptoms. (R. 125). Further, as Defendant points out, it is questionable whether opinions as to how many days of work a claimant will miss, such as those offered here, truly constitute medical opinions. See Rush v. Comm'r of Soc. Sec., No. CV 18-10612, 2018 WL 6175374, at *3 (E.D. Mich. Oct. 5, 2018); Long v. Berryhill, No. 1:16-CV-485-CHS, 2018 WL 1162621, at *5 (E.D. Tenn. Mar. 5, 2018); Stojic v. Comm'r of Soc. Sec., No. 1:14-CV-1133, 2015 WL 9238986, at *4 (W.D. Mich. Dec. 17, 2015) (stating that "predictions of how often Plaintiff would likely be off task and miss work were conjecture, not a medical opinion").

Beyond that, the ALJ also relied on the contrary opinions of the state reviewing agents issued on April 12, 2017. (R. 181-95). While an ALJ must consider the treating relationship between a claimant and an opining doctor, when the medical opinion of a treating source conflicts with that of a non-treating, or even a non-examining physician, "the ALJ may choose whom to credit." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000). See also Dula v. Barnhart, 129 Fed. Appx. 715, 718-19 (3d Cir. 2005). In certain cases, the ALJ is justified in giving more weight to the non-examining professional's opinion. See Salerno v. Comm'r of Soc. Sec., 152 Fed. Appx. 208 (3d Cir. 2005) (affirming an ALJ's decision to credit the opinion of the non-examining state agency reviewing psychologist because his opinion was more supported by the record than the opinions of the treating physician and the consultative examiner). That is the case here, and substantial evidence supports the ALJ's decision to weigh the medical opinions as she did.

Plaintiff further argues that the ALJ gave insufficient consideration to her testimony about the pain and limiting effects caused by her impairments. However, when an ALJ has articulated reasons supporting a credibility determination, that determination is afforded significant deference. See Horodenski v. Comm'r of Soc. Sec., 215 Fed. Appx. 183, 188-89 (3d Cir. 2007); Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003). Here, the Court finds that there was sufficient evidence to support the ALJ's findings regarding the veracity of Plaintiff's subjective complaints. As noted above, the ALJ discussed how Plaintiff's testimony was not supported by the inconsistent findings in the medical imaging, or by the fact that her neurological examinations were consistently unremarkable and that she exhibited normal cognitive functioning. (R. 125-26). The ALJ also noted the unique nature of Plaintiff's claim – that a traumatic brain injury not fully supported by the record began causing disabling symptoms 30 years later without any precipitating event. (R. 125). As the ALJ explained, there was nothing improper about Plaintiff's claim, but it did require a good deal of supporting explanation which simply did not exist in the medical record.

All of this constitutes substantial evidence in support of the ALJ's findings and as to the formulation of Plaintiff's RFC and hypothetical question, especially in light of the United States Supreme Court's recent reminder that the threshold for meeting the substantial evidence standard "is not high." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019).

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 14) is DENIED and that Defendant's Motion for Summary Judgment (document No. 16) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:    Counsel of record

---

Plaintiff has also cited the possible application of Lucia v. S.E.C., 138 S. Ct. 2044 (2018), and Cirko v. Comm'r of Soc. Sec., 948 F.3d 148 (3d Cir. 2020), as a basis for remand. In Lucia, the United States Supreme Court found an ALJ of the Securities and Exchange Commission assigned to hear enforcement actions to be an "Officer of the United States," subject to the Appointments Clause of the United States Constitution. The Third Circuit Court of Appeals, in Cirko, held that claimants can raise the challenge that ALJs of the Social Security Administration ("SSA") were not properly appointed under the Appointments Clause without having exhausted those claims before the agency where the ALJs had, in fact, not been properly appointed at the time of the claimant's administrative proceedings. However, the Acting Commissioner reappointed the SSA's ALJs under her own authority on July 16, 2018. See S.S.R. 19-1p, 2019 WL 1324866 (S.S.A.), at *2 (2019). The hearing in this case was not held until well after that date, on September 21, 2018 (R. 137-80), and the ALJ's decision was not issued until October 17, 2018 (R. 199-28). Accordingly, ALJ Patricia Daum was properly appointed during the entirety of the period during which she presided over the administrative adjudication of this case. As such, even if the Court were inclined to permit Plaintiff to raise an Appointments Clause argument at this late stage of the proceedings, such a claim would be without merit.

Accordingly, for all of the reasons set forth herein, the Court finds that substantial evidence supports the ALJ's decision and therefore affirms.